## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIS ROYCE HORSLEY, Jr.,** | ) | |
| **ID #1477904,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:14-CV-2898-D (BH)** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3-251, this habeas case has been automatically referred for findings, conclusions, and recommendation.  Based on the relevant filings and applicable law, the petition for habeas corpus relief should be denied as time-barred.

## I.  BACKGROUND

Willis Royce Horsley, Jr. (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondent is William Stephens, Director of TDCJ-CID.

Petitioner challenges his December 11, 2007 conviction for murder in cause number F-0700684 in the Criminal District Court Number One of Dallas County, Texas, and sentence of 57 years. (Petition (Pet.) at 2); *see also* www.dallascounty.org/public.access.php (Dallas County criminal records). Petitioner appealed his conviction and sentence. (Pet. at 3.) The Fifth District Court of Appeals dismissed his appeal for want of jurisdiction in an unpublished opinion on June 13, 2008. *Horsley v. State*, No. 05-08-00015-CR,  2008 WL 2390523 (Tex. App. – Dallas, June 13, 2008, pet. ref'd).  Petitioner next filed a petition for discretionary review that was refused by the

Court of Criminal Appeals on November 5, 2008. (Pet. at 3); s*ee Horsley v. State,* No. PD-1082-08

(Tex. Crim. App. November 5, 2008), *available at* http://www.cca.courts.state.tx.us/cca.asp. He did

not file a petition for certiorari with the Supreme Court.

On August 28, 2013, Petitioner filed his only state application for writ of habeas corpus with

the trial court, Cause No. W-0700684-A.  *See* www.dallascounty.org/public.access.php (Dallas

County criminal records).[1]  On October 23, 2013, the Court of Criminal Appeals denied the

application without a written order based on the findings of the trial court without an evidentiary

hearing.  *See Ex parte Horsley*, WR-80,346-01  (Tex. Crim. App. October 23, 2013).  Petitioner

mailed his federal petition on August 8, 2014. (Pet. at 10).

## II.  STATUTE OF LIMITATIONS

### A.  Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for

habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Because petitioner filed his petition after its effective date, the Act applies to it.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions.

One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-

year period is calculated from the latest of either (A) the date on which the judgment of conviction

became final; (B) the date on which an impediment to filing an application created by State action

in violation of the Constitution or laws of the United States is removed, if the applicant was pre-

vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes

---

[1]  Petitioner does not provide the date he filed his state writ application, but the Dallas County District Clerk's office's records show that it was filed on August 28, 2013.

a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner did not file any petition for writ of certiorari with the United States Supreme Court after his petition for discretionary review was denied by the Court of Criminal Appeals.  His state conviction became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.1. The petition for discretionary review was refused on November 5, 2008, so his state conviction became final ninety days later, on February 3, 2009.

Petitioner has not alleged a state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C).  The one-year statute of limitations is therefore calculated from the latest of (A) the date his conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to subparagraph (D), Petitioner's claims that he received ineffective assistance of counsel and was subjected to prosecutorial misconduct cite as grounds events that allegedly took place prior to his judgment of conviction.  (Pet. at 6-7; Mem. at 1).  Accordingly, the facts supporting his claims became known or could have become known prior to the date his state

3

judgment of conviction became final.  Because Petitioner filed his petition more than one year after his conviction became final on February 3, 2009, a literal application of § 2244(d)(1) renders his August 8, 2014 petition[2] untimely.

## B.  Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."  28 U.S.C. § 2244(d)(2) (emphasis added).  Petitioner did not file his first state writ until August 2013, more than four years after his state conviction became final on February 3, 2009.  While the one-year limitations period is tolled while a petitioner's state habeas application is pending before the Texas state courts, the federal one-year limitations period in this case expired before Petitioner filed his state writ. The statutory tolling provision does not save his federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled.  *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010); *see also Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable."  *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  The burden is on Petitioner to show rare, exceptional,  or extraordinary circumstances beyond his control that made it impossible for him to timely file a §

---

[2]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

2254 petition. *See Holland*, 560 U.S. at 649 (stating petitioner must show "'extraordinary circumstances stood in his way' and prevented timely filing") (quoting *Pace v. DiGuglelmo,* 544 U.S. 408, 418 (2005)); *Davis*, 158 F.3d at 811 (explaining statute can be tolled in "rare and exceptional" circumstances). The United States Court of Appeals for the Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  A "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citing *Rashidi*, 96 F.3d at 128). Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

### III.  RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO ORDERED on this 9th day of October, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE